THOMAS T. GUNDERSON, Doing Business under the Name and Style of GUNDERSON CORDAGE COMPANY, Respondent, v. ROBERT C. KENYON and CORA L. POPE, Copartners, Doing Business under the Name and Style of R. C. KENYON & Co., Appellants.

First Department, February 11, 1938.

*Alva Collins,* for the appellants.

*John R. Brook* of counsel [*Redding, Greeley & O'Shea,* attorneys], for the respondent.

TOWNLEY, J.   This action was brought by the alleged buyer of cotton twine against the alleged sellers, for damages for failure to deliver any goods.   The plaintiff claims that he ordered on various days in May and June of 1933, some thirty-three separate items of cotton twine specifically set forth in the schedule annexed to the complaint.   It is claimed that the defendants on each occasion accepted these orders.   The defendants plead the Statute of Frauds, claiming that there is no memorandum in writing by the person to be charged, acknowledging the acceptance of the orders.   The orders all provided for definite shipping dates.   The letter of defendants which is supposed to be an acceptance advises that the defendants have received an acceptance of the orders from the mills " to be shipped at the mills' convenience."   In other words, the " acceptance " was not in the terms of the orders on a most important detail because time of delivery, as it appears from this record, was of the essence of the contracts.   The so-called acceptance, therefore, constituted a counter offer for delivery at the mills' convenience.   This was not satisfactory to, and never accepted by, the plaintiff or the plaintiff's customers.   Accordingly, the plaintiff has proved no enforcible contract against defendants.

It is unnecessary to discuss the question whether plaintiff was principal in the transaction or whether, as broker for other clients, he was entitled to maintain this action in the absence of any assignment from those clients of such causes of action for failure to deliver as they may have had.   It is also unnecessary to determine whether the defendants were agents for disclosed principals or were principals selling on their own behalf.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., O'MALLEY, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.